# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ICEM, S.P.A,<br>AURORA ASSICURAZIONI, S.P.A.,<br><br>    Plaintiffs,<br><br>v.<br><br>HARVEY INDUSTRIES, INC.<br>RACHEL CASTRICONE,<br>TRACEY BOULDOUKIAN,<br><br>    Defendants. | C. A. No. 07-cv-10819 |

## HARVEY INDUSTRIES INC.'S RESPONSE TO PLAINTIFFS' STATEMENT OF ADDITIONAL MATERIAL FACTS IN SUPPORT OF THEIR OPPOSITION TO HARVEY'S MOTION FOR SUMMARY JUDGMENT

In response to Harvey Industries Inc. ("Harvey")'s Concise Statement of Material Facts Not in Dispute, Plaintiffs ICEM S.p.A. and Aurora Assicurazioni, S.p.A., (together, "ICEM") both respond to Harvey's facts and submit twenty-seven "Additional Facts." These facts, are, in large part, not "additional," but are instead ICEM's preferred narrative as to what occurred on April 30 and May 1, 2004, at the Grand Hotel Parco dei Principi in Rome. In response to those facts (which were taken, verbatim, from ICEM's initial Local Rule 56.1 Statement of Facts), Harvey refers the Court to its prior Response to ICEM's Local Rule 56.1 Statement of Facts. (This response can be found at Docket No. 138.) Harvey sets forth below its response to any new fact set forth by ICEM.

1.     **In response to this statement, Harvey refers the Court to Harvey Industries Inc.'s Response to Plaintiffs' Statement of Uncontested Facts As To Which There Is No Genuine Dispute and Harvey's Additional Statement of Material Facts, filed at Docket No. 138 ("Response SOF"), at ¶ 1.)**

2.     **In response to this statement, Harvey refers the Court to its Response SOF, at ¶ 7.**

3.     **In response to this statement, Harvey refers the Court to its Response SOF, at ¶ 8.**

4.     **In response to this statement, Harvey refers the Court to its Response SOF, at ¶ 11.**

5.     **In response to this statement, Harvey refers the Court to its Response SOF, at ¶ 15.**

6.     **In response to this statement, Harvey refers the Court to its Response SOF, at ¶ 16.**

7.     **In response to this statement, Harvey refers the Court to its Response SOF, at ¶ 17.**

8.     **In response to this statement, Harvey refers the Court to its Response SOF, at ¶ 18.**

9.     **In response to this statement, Harvey refers the Court to its Response SOF, at ¶ 19.**

10.     **In response to this statement, Harvey refers the Court to its Response SOF, at ¶ 20.**

11.     The stated "fact" is immaterial for purposes of Harvey's motion.  To the extent it is material, it is disputed.  ICEM mischaracterizes the document it references.  Harvey disputes the inference that the provision of the Italian Code referenced in the Cancellation/Attrition Schedule is any provision at issue in Harvey's Motion for Summary Judgment.  Furthermore, the referenced provision had to do with Harvey's contract with the Hilton Sorrento, not the Parco, and the Hilton's ability to retain a down payment in the event of a cancellation.  Harvey further disputes that it adopted the "summary" contained in the "Cancellation/Attrition Schedule."  (*See* Ex. 5 to the Deposition of Glennard E. Frederick, attached as Exhibit A.)

12.     In response to this statement, Harvey refers the Court to its Response SOF, at ¶ 21.

13.     In response to this statement, Harvey refers the Court to its Response SOF, at ¶ 22.

14.     In response to this statement, Harvey refers the Court to its Response SOF, at ¶ 23.

15.     Undisputed.

16.     Disputed.  Harvey did not provide room keys to Bouldoukian and Castricone, or any other guest.  The Hotel provided the women, and the other guests, with the keys to their rooms.  There is no testimony to the contrary from anyone other than Castricone.  Bouldoukian did not testify regarding who provided her with her room key, and Glenn Frederick, who is in the best position to know who handed out room keys, specifically testified that room keys were provided by the Hotel.  Further, the statement that Harvey reserved "numerous rooms" at the Parco is vague.  While Harvey's original contract with the Hotel

called for 125 rooms, Harvey ultimately only reserved approximately 97 guest rooms.  Lastly, Harvey did not assign Room 305 to Castricone and Bouldoukian.  The Hotel made all room assignments.  (*See* **Response SOF, at ¶ 25; Deposition of Tracy Bouldoukain ("Bouldoukian Dep."), at 26:21-27:17, attached as Ex. B.**)

17.     The stated "fact" is immaterial for purposes of Harvey's Motion for Summary Judgment.  It is undisputed that Castricone and Bouldoukian were in possession of cigarettes and smoked from time to time.  Otherwise disputed, as there is no evidence of smoking "throughout the night."

18.     The stated "facts" are immaterial for purposes of Harvey's Motion for Summary Judgment.  To the extent the "facts" are material they are disputed.  Harvey disputes that either Castricone or Bouldoukian was intoxicated.  Castricone and Bouldoukian each stated that they had only one glass of wine at the bar.  At dinner, approximately three hours earlier, Castricone had two glasses of red wine and Bouldoukian had one and a half glasses.  Both women testified that the bartender never refused to serve them and that no unpleasant exchanges occurred with the bar staff or other Hotel staff.  (*See* **Concise Statement of Material Facts of Defendant Harvey Industries, Inc. in Support of Its Motion for Summary Judgment ("1ˢᵗ SOMF"), at ¶¶ 43, 46, 47; Deposition of Rachel Castricone ("Castricone Dep."), at 29:4-14, 31:21-32:16, 161:23-162:18, attached as Ex. C; Bouldoukian Dep., at 60:11-18, 77:17-79:16, 276:5-278:22, attached as Ex. B.**)

19.     The stated "fact" is immaterial for purposes of Harvey's Summary Judgment Motion.  To the extent it is material, it is undisputed that a number of individuals in the Harvey group, including only one Harvey employee, went to a nightclub at approximately 1:30 a.m.  However, Harvey disputes the characterization that the group members decided to go to

the nightclub so that they could "continue drinking";  there is no evidence to support this characterization.

20.     The stated "fact" is immaterial for purposes of Harvey's Motion for Summary Judgment.  To the extent it is material it is disputed that either Castricone or Bouldoukian was "already intoxicated."  Castricone and Bouldoukian each stated that they had only one glass of wine at the bar.  At dinner, approximately three hours earlier, Castricone stated that she had two glasses of red wine and Bouldoukian stated that she had one and a half glasses.  Further, the hotel employee, Antonello D'Arielli, who had an extended opportunity to observe the women, stated that they were happy but not drunk.  (*See* 1st SOMF, at ¶¶ 43, 46, 47; Castricone Dep., at 29:4-14, attached as Ex. C; Bouldoukian Dep., at 60:11-18, attached as Ex. B; Deposition of Antonello D'Arielli ("D'Arielli Dep."), at 24:8-24, attached as Ex. D.)

21.     The stated "fact" is immaterial for purposes of Harvey's Motion for Summary Judgment.  To the extent it is material, it is disputed that "Castricone and Bouldoukian were even more intoxicated than when they had left for the nightclub" as there is no evidence for this proposition.  Moreover, their conduct as observed on the videotape shows no sign of drunkenness or inebriation.  (*See* Deposition of Matthew Fiderio ("Fiderio Dep."), at 24:23-25:22, attached as Ex. E; Deposition of Maurizio Scarano ("Scarano Dep"), at 124:23-126:4, attached as Ex. F.)

22.     The stated "fact" is immaterial for purposes of Harvey's Motion for Summary Judgment.  To the extent it is material, it is disputed that Bouldoukian was "intoxicated" when she dialed her boyfriend's number, as Ms. Bouldoukian testified to limited alcohol consumption.  (*See id;* Response No. 18, *supra*; Bouldoukian Dep. at 86:16-19, attached as Ex. B.)

- 5 -

23.     The stated "fact" is immaterial for purposes of Harvey's Motion for Summary Judgment.  To the extent it is material, it is disputed, as there is no evidence in the record to support it.  (*See* **Fiderio Dep. at 35:14-21, attached as Ex. E; Castricone Dep. at 51:23-52:7, attached as Ex. C; Bouldoukian Dep., at 112:15, 113:1-6, 114:7, 116:7-8, 117:15-16, 119:1-7, 120:2-121:7, attached as Ex. B.)**

24.     The stated "fact" is immaterial for purposes of Harvey's Motion for Summary Judgment and the phrase, "moments leading up to" is unduly vague in that the women obviously were awake before leaving the room at approximately 5:18 a.m..  Further, there is no evidence in the record to support this fact.  As such, Harvey disputes it.  (*See* **Castricone Dep., at 61:22-62:6, attached as Ex. C; Bouldoukian Dep., at 90:17-91:11, attached as Ex. B.)**

25.     The stated "fact" is immaterial for purposes of Harvey's Motion for Summary Judgment.  To the extent it is material, it is disputed.  The Public Prosecutor's technical consultants' conclusions regarding cause and origin are hearsay and unreliable, and therefore not admissible under any exception, including Fed. R. Evid. 803(8)(c).  *See In re Parmalat Securities Litigation,* **477 F.Supp.2d 637 (S.D.N.Y. 2007).**

26.     The stated "fact" is immaterial for purposes of Harvey's Motion for Summary Judgment.  To the extent it is material, it is disputed.  Neither the opinion as to the cause and origin of the fire of the Public Prosecutor's technical consultant nor the testimony of Plaintiffs' Expert, Exponent, Inc. is admissible.  Exponent's opinion is not scientifically valid and its methodology cannot properly be applied to the facts in issue.

27.     Undisputed for purposes of this motion.

**HARVEY INDUSTRIES, INC.**

**By its attorneys,**


**/s/ Sarah P. Kelly**
**Stephen J. Brake (BBO# 546972)**
**Sarah P. Kelly (BBO# 664267)**
**Nutter McClennen & Fish, LLP**
**Seaport West**
**155 Seaport Boulevard**
**Boston, MA  02210**
**(617) 439-2000**

**Dated: March 1,  2010**

## CERTIFICATE OF SERVICE

I hereby certify that on March 1, 2010, a true copy of the above document was served upon all the attorneys of record by ECF.

**/s/ Sarah P. Kelly**
**Sarah P. Kelly**


**1899962.2**